## STANDARD DRUG STORE v. A. E. WOOD & CO.

LANDLORD AND TENANT—DAMAGE BY FIRE—OBLIGATION TO PAY RENT—REPAIRS.

> Damage to a building by fire will not relieve the lessee of part thereof from liability under his contract to pay rent, in the absence of a stipulation for release or covenant for the landlord to repair, where the rooms may be restored to their former condition by the lessee without committing any trespass. MOORE and KUHN, JJ., dissenting.

Error to Wayne; Codd, J. Submitted April 18, 1919. (Docket No. 1.) Decided July 17, 1919. Rehearing denied October 28, 1919.

Assumpsit by the Standard Drug Store against A. E. Wood & Company for rent. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Bishop & Kilpatrick,* for appellant.

*Campbell, Dewey & Stanton,* for appellee.

Act No. 42, Public Acts of 1917, provides that when any leased or rented building is destroyed or is so injured by the elements, or in any other way, as to be untenantable or unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the building, and of the land so injured, destroyed, or rendered untenantable or unfit for occupancy; and such lessee or occupant shall not be liable to pay to the lessor or owner rent for the time subsequent to the surrender. This law is not invoked in this case, and is referred to only to contrast this legislative declaration with the common-law rule and rules heretofore declared by this court.

In *Lieberthal* v. *Montgomery*, 121 Mich. 369, it appeared that plaintiff leased from defendant the south store room on the ground floor of the two-story brick building situated on lot 10, block 11, Iron Mountain, and also the part of the lot back of the said building, the part of lot to be used by plaintiff in common with other tenants in the building. The building was damaged by fire without the fault of either party and the room occupied by plaintiff rendered untenantable. Walls, roof, and second story remained intact. There were no covenants of the lessor to repair, and the room was not repaired during the month of January, for which month rent had been paid. Plaintiff, the lessee, sued for the money paid in advance for the month of January. This court said:

"The general rule is well settled that when the tenant covenants to pay rent, and does not provide against liability in case of destruction of the premises by fire or other casualty, he is bound, in the absence of statutory provisions or covenant on the part of the landlord to rebuild, to pay the rent. 12 Am. & Eng. Enc. Law (1st Ed.), 741, and cases cited in note 1; *Porter* v. *Tull,* 22 L. R. A. 613 (6 Wash. 408, 36 Am. St. Rep.

172), and note. There is an exception to this rule, however, where a room in a building is leased, and the whole building is destroyed by fire or other casualty, as the destruction of the building puts an end to the tenancy, and the tenant is not liable for rent accruing subsequent to such destruction. Counsel for plaintiff seek to bring the case within this exception. It appears, however, that the whole building was not destroyed, and there was no such destruction of the room as to deprive the tenant of the right of occupancy for the purpose of repairing the same so as to make it tenantable, if plaintiff elected to do so. There is no question of rebuilding the whole structure. It is simply a matter of internal repair. The lessor would have no right to enter to make such repairs without the consent of the lessee.

"Another reason why the case does not come within the exception to the general rule is that the lease covered the use of the land in the rear of the building. There is no evidence in the case that the plaintiff surrendered the premises after the fire."

In *Bowen* v. *Clemens*, 161 Mich. 493 (137 Am. St. Rep. 521), the lot leased was larger than the building which burned, so that, without committing any trespass, the lessee could have rebuilt the store. The action was for rent, and plaintiff recovered. The case was ruled by *Lieberthal* v. *Montgomery*. It was also held that accidental injuries, from natural causes, which interfered with the lessee's enjoyment of leased premises are not considered a breach of the lessor's covenant for quiet enjoyment.

In *Minnis* v. *Newbro-Gallogly Co.*, 174 Mich. 635, the cause came here on demurrer to a bill filed for an injunction against breach of a lease. An order sustaining the demurrer was reversed. The defendant owned a four-story building, the second, third and fourth stories of which were leased for a period of years and occupied by the lessee. A fire, originating on the ground floor of the building, was communicated to the upper stories and rendered them unten-

antable.  Plaintiff, the tenant, after the fire, paid, on demand, rent for one month (it was payable monthly) and stood ready to pay thereafter on performance of the contract of lease by the lessor.  Demand upon the lessor was made to restore the premises—make them tenantable — and the demand was refused.  Relief prayed for was that defendant, lessor, be compelled to make repairs rendered necessary by the fire; that an injunction issue restraining defendant from ejecting plaintiff and terminating his tenancy and from tearing down the building, and that defendant pay plaintiff damages by reason of its failure to perform the contract of lease on its part.  Whether the lease operated to convey an interest in real estate was a question answered in the affirmative, and, therefore, there being no express covenant in the lease on the part of the landlord to repair, none could be implied.  Defendant, the landlord, having threatened to tear down the building, eject plaintiff and terminate the tenancy, it was held it could be enjoined from so doing.  Relief by way of damages for breach or for specific performance was refused.

The case at bar is an action for rent.  Developed facts admitted, or, for the purposes of the case, proven, are:  Defendant leased the second, third, fourth, fifth and sixth floors of a six-story building, except a space on the sixth floor which the landlord reserved for its own use, such reserved space being designated—

"to be from the west wall of the building to the center of the building and in length from the back wall to the seventh pillar counting from the rear."

It is provided:

"Party of the second part to have an entrance on the ground floor extending back from the lot line a distance of 7 feet and 2 inches and extending on the front from the wall a distance of 66 inches and at the base of the stairs a distance of 92 inches or in other

words party of the second part is to have the space they are now occupying on the ground floor."

The lease contains the usual covenant of the lessee to repair "reasonable use and wear thereof and damage by the elements excepted." The portion of the sixth story reserved by plaintiff was 14 feet wide and 90 feet long on the west side, measuring from the rear —about one-third of the sixth floor—and was separated from the remainder by a partition of matched lumber, which on the side did not run to the roof, but was four feet high and surmounted by a screen of chicken wire. This partition furnished no support for the roof. There was a flat door in the roof, fastened on the inside in defendant's part, and used as a skylight. Plaintiff leased the ground floor to the Williams Company and, as stated, reserved for the storage of goods a part of the sixth story. There was a fire on the sixth floor, which practically destroyed the roof, but did not seriously burn the floor. The joists supporting the roof were mortised into the side walls. The fire cracked the front wall and destroyed the arches over the windows, and testimony tends to prove that the front wall was in a dangerous condition after the fire, and that, to repair it, it would be necessary to take it down to the level of the sixth floor, and perhaps to strengthen it below that floor. It is not claimed that the fire originated through fault of the tenant, and no testimony was introduced tending to prove that it originated through fault of the landlord. Plaintiff sought the co-operation of defendant in putting on a new roof and making other necessary repairs. Defendant denied any obligation to repair, the building was not repaired, and defendant removed from the building, and declined to pay the rent reserved in the lease. Plaintiff having rested his case, defendant moved for a directed verdict and one was directed of no cause of action.

Defendant says there are two distinct grounds which warranted the directed verdict, one, the destruction by fire was such that the necessary repairs were plainly not internal; it would have been necessary for the tenant to trespass in order to restore the premises; the other, that where a building houses various tenants and the roof is not demised to any one of them, but remains in the control of the landlord, it must be kept in such condition by him that the tenants will have the beneficial use of the premises respectively demised to them.

Plaintiff, appellant, on the other hand, contends that a lessee of premises accidentally destroyed by fire is not relieved against his covenant to pay rent unless he has stipulated for such release or the landlord has covenanted to rebuild; that where the demise is of a part of a building, or of rooms or apartments therein, the tenant takes only such an interest in the land as is necessary for the enjoyment of the demised premises and, therefore, when the demised premises are destroyed, the subject of demise is extinguished. This exception to, or modification of, the rule first stated does not mean that if the part or rooms or apartments are merely injured or damaged the subject of the demise is extinguished, for, if they remain in a damaged condition, the tenant may still occupy them, repair the damage and restore them to their former condition.

The learned trial judge in his charge said, among other things, indicating the ground upon which the verdict was directed:

"Gentlemen, it is my opinion that as a matter of law it was the duty of the plaintiff in this case, under the circumstances as detailed to you, and as you have heard from the testimony, to repair this building or this roof. Put a new roof upon the building. It had reserved a considerable portion, about one-third of the 6th floor anyway. I do not believe that the roof was

demised or leased in this lease, to the defendant. In other words, I believe that at all times the plaintiff retained control of the roof, and in view of the fact that it did retain control of the roof, it was at all times its duty to maintain that roof, and, if through its fault or neglect or failure so to do, the roof was destroyed or was not fit for the protection of the tenants, obviously that part known as the sixth floor would not be suitable or tenantable for the purpose for which it was leased. Therefore, it is my judgment that during the period that this roof was off, for such time there would be no obligation or liability on the part of the defendant in this case to pay rent, because it did not have, during such time, peaceable, quiet possession, which the plaintiff covenanted to and with the defendant that the defendant should have, for which it was paying its rent. It is undisputed that during the entire eleven months this roof was not put upon the building. Therefore, during the entire time defendant was not getting what it bargained for. That is, peaceable, quiet enjoyment, including the sixth floor of such building. I do not think that there was any obligation on the part of the defendant, nor could the defendant have repaired the roof legally because it was a duty which was owing by the plaintiff to the defendant to do."

OSTRANDER, J. (*after stating the facts*). The suit is brought upon the contract to pay rent. Unless the contract was ended by the fire, the duty to pay the rent is clear. How did the fire affect the contract relations of the parties? The leased premises were not destroyed. They were, a part of them, rendered untenantable until repaired. They can be repaired. No contract duty rests upon the landlord to repair them. No breach of any covenant in the lease by the landlord is made out. We are of opinion that upon the authority of our own decisions, which have been referred to, the lease is in force.

It follows that the judgment is wrong and should be reversed and a new trial granted.

BIRD, C. J., and STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred with OSTRANDER, J.

KUHN, J. I am of the opinion that the trial judge correctly stated the law with reference to the duty of the landlord. The case should be affirmed.

MOORE, J., concurred with KUHN, J.